■ RAYMOND HESS et al., Respondents, v MACK TRUCKS, INC., et al., Appellants, et al., Defendants. (And Two Third-Party Actions.)—In an action to recover damages for personal injuries, the defendants Mack Trucks, Inc., and Mineola Mack Distributors, Inc., separately appeal from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered February 7, 1989, as denied their respective motions for summary judgment dis-

missing the complaint insofar as it is asserted against each of them.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs.

The appellants are the manufacturer and distributor of the chassis and cab for a sanitation truck supplied to the employer of the plaintiffs Raymond Hess and Dennis Heuer pursuant to a contract awarded following public bidding. As required by the contract specifications, the appellants delivered the chassis to another defendant for fitting with a garbage compacter known as a "Packmaster" manufactured by the defendant Leach Corp.

The plaintiffs Hess and Heuer were injured when the single-axle vehicle fitted with the "Packmaster" overturned while making what is alleged to be a "lazy swinging left turn". Advancing theories of negligence and strict products liability, they claim that the appellants knew or should have known that their chassis would be used with a "Packmaster" but was inadequate to support the weight a "Packmaster" could hold, and that their product was defective because of the failure to warn of the danger of using a "Packmaster" with a single-axle chassis, and of loading the vehicle beyond a certain weight.

The appellants assert they bore no duty to warn of the danger of "overloading" and that, therefore, they are entitled to summary judgment. However, the dangers of filling a "Packmaster" to its designed capacity are not so self-evident that to warn against overloading would be simply to "repeat familiar bromides" (cf., Torrogrosso v Towmotor Co., 44 NY2d 709, 711). Moreover, issues of fact as whether the appellants knew or should have known that the chassis would be used with the "Packmaster," whether the chassis was manufactured with the intent that it be used in conjunction with the "Packmaster," and whether it was foreseeable that sanitation workers would load the "Packmaster" as they did on the morning of the accident (see generally, Micallef v Miehle Co., 39 NY2d 376; Lugo v LJN Toys, 146 AD2d 168) preclude determination as a matter of law as to whether the appellants are liable to the plaintiffs under one or the other of the theories advanced. Bracken, J. P., Lawrence, Sullivan and Harwood, JJ., concur.